UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELISA GEMMA, individually and in her capacity as ADMINISTRATRIX and on behalf of the BENEFICIARIES OF THE ESTATE OF RAYMOND GEMMA, and SHERRY GEMMA MCKENNA<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, et al<br><br>Defendants. | C.A. No. 1:26-CV-00167-MRD-AEM |

**ANSWER OF DEFENDANT UNITED STATES**

Defendant, the United States of America, by and through undersigned counsel, denies any negligence and hereby answers Plaintiffs' Complaint, ECF 1, as follows:

1. The allegations contained in Paragraph 1 are conclusions of law to which no response is required. To the extent an answer is required, the United States admits only that Plaintiffs purport to bring this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680. The United States further admits only that the U.S. Department of Veterans Affairs (the "VA") received notice of the FTCA administrative claim submitted by Plaintiffs on March 10, 2025. To the extent Plaintiffs attempt to summarize the content of the administrative claim, Defendant admits only that the document speaks for itself and specifically denies any negligence. The United States further admits only that Raymond Gemma received treatment at the Providence VA Medical Center ("PVAMC") and at the Boston Massachusetts VA Medical Center ("BVAMC"). All other allegations not specifically admitted herein are denied.

2. The allegations contained in Paragraph 2 are conclusions of law to which no response is required. To the extent an answer is required, the United States accepts Plaintiffs'

representation that Elisa Gemma resides in Johnston, Rhode Island. Except as admitted herein, the United States lacks information sufficient to form a belief as to truth of the remaining allegations in Paragraph 2.

3. The allegations contained in Paragraph 3 are conclusions of law to which no response is required. To the extent an answer is required, the United States accepts Plaintiffs' representation that Sherry Gemma McKenna resides in Johnston, Rhode Island and was the daughter of Raymond Gemma. Except as admitted herein, the United States lacks information sufficient to form a belief as to truth of the allegations in Paragraph 3.

4. The allegations contained in Paragraph 4 are conclusions of law to which no response is required. To the extent an answer is required, the United States admits only that the VA operated VA Medical Center facilities in Boston, Massachusetts and Providence, Rhode Island during the time period alleged in the Complaint. All other allegations not specifically admitted herein are denied.

5. The United States admits that Dr. Garisto presently resides in New York and practiced medicine as an employee of the VA during the time period alleged in the Complaint, including, but not limited to, in the field of Urologic Surgery. All other allegations not specifically admitted herein are denied.

6. The United States admits that Dr Wang resides in Massachusetts practiced medicine as an employee of VA during the time period alleged in the Complaint, including but not limited to, in the field of Urologic Surgery. Except as admitted herein, the United States lacks information sufficient to form a belief as to truth of the remaining allegations in Paragraph 6.

7. The United States admits only that that Dr. Syzmaniak resides in California. The United States further admits only that Dr. Syzmaniak practiced in the field of Urology and was

considered an employee of the VA for the allegations that are the subject matter of the Complaint, and thus, the United States government during the relevant time period. All other allegations not specifically admitted herein are denied.

8. The allegations contained in Paragraph 8 are conclusions of law to which no response is required. To the extent an answer is required, the United States admits only that a da Vinci Surgical System was in all respects properly utilized by Defendant's agents and employees with regard to treatment of Mr. Gemma at during the time period that is the subject matter of the Complaint. Any allegations contained in Paragraph 8 that are not directed at the United States are denied.

**JURISDICTION AND VENUE**

9. The allegations contained in Paragraph 9 are conclusions of law to which no response is required. To the extent an answer is required, the United States admits only that Plaintiffs purport to bring this action pursuant to the FTCA, and that the United States is the sole proper defendant for complaints filed pursuant to 28 U.S.C. §§ 2671-2680. All other allegations not specifically admitted herein are denied.

10. The allegations contained in Paragraph 10 are conclusions of law to which no response is required. To the extent an answer is required, the United States admits that venue is proper in Rhode Island. All other allegations not specifically admitted herein are denied.

**COUNT I**

11. The United States repeats and realleges its responses to Paragraphs 1 through 10 and hereby incorporates them by reference as if fully set forth herein.

12. The United States admits only that that on November 17, 2020, agents, servants, and employees of the BVAMC provided care and treatment including robotic surgery on Mr.

Gemma according to the standard of care. All other allegations not specifically admitted herein are denied.

13. The United States admits that after November 17, 2020, agents, servants, and employees of the PVAMC provided care and treatment to Mr. Gemma according to the standard of care, and that VA agents, servants, and employees provided proper preoperative, post-operative, and subsequent care of Mr. Gemma according to the standard of care. All other allegations not specifically admitted herein are denied.

14. The United States admits that medical providers and staff who provided care and treatment including robotic surgery and preoperative, post-operative, and subsequent care of Mr. Gemma were agents, servants, and employees of the VA, including Drs. Garisto, Wang and Syzmaniak, acting within the course and scope of employment, and that all care and treatment provided by or on behalf of the VA met the standard of care. Except as admitted herein, the allegations of Paragraph 14 are vague and ambiguous and unanswerable in their present form and therefore they are denied.

15. The United States admits the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied.

17. The allegations contained in Paragraph 17 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied.

18. The United States denies the allegations contained in Paragraph 18.

19. The United States denies the allegations contained in Paragraph 19.

20. The United States denies the allegations contained in Paragraph 20.

The remainder of Count I in the unnumbered paragraph beginning with WHEREFORE

is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**COUNT II**
**(Negligence: Juan Garisto, MD)**

21. The United States repeats and realleges its responses to Paragraphs 1 through 20 and hereby incorporates them by reference as if fully set forth herein.

22. The allegations contained in Paragraph 20 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied. The United States admits only that it is the sole proper defendant for complaints filed pursuant to the FTCA, that Dr. Garisto provided care and treatment of Mr. Gemma within the course and scope of employment for VA during the time period that is the subject matter of the Complaint. Except as admitted herein, the allegations of Paragraph 22 are vague and ambiguous and unanswerable in their present form and are therefore denied.

23. The allegations contained in Paragraph 23 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied.

24. The United States denies the allegations contained in Paragraph 24.

25. The United States denies the allegations contained in Paragraph 25.

26. Th United States denies the allegations contained in Paragraph 26.

The remainder of Count II in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or

interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**COUNT III**
**(Negligence: David Wang, MD)**

27. The United States repeats and realleges its responses to Paragraphs 1 through 26 and hereby incorporates them by reference as if fully set forth herein.

28. The allegations contained in Paragraph 28 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied. The United States admits only that it is the sole proper defendant for complaints filed pursuant to the FTCA, that Dr. Wong provided care and treatment to Mr. Gemma within the course and scope of employment for VA during the time period that is the subject matter of the Complaint. Except as admitted herein, the allegations of Paragraph 28 are vague and ambiguous and unanswerable in their present form and are therefore denied.

29. The allegations contained in Paragraph 29 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied.

30. The United States denies the allegations contained in Paragraph 30.

31. The United States denies the allegations contained in Paragraph 31.

32. The United States denies the allegations contained in Paragraph 32.

The remainder of Count III in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**COUNT IV**
**(Negligence: Julie Syzmaniac, MD)**

33. The United States repeats and realleges its responses to Paragraphs 1 through 32 and hereby incorporates them by reference as if fully set forth herein.

34. The allegations contained in Paragraph 34 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied. The United States admits only that it is the sole proper defendant for complaints filed pursuant to the FTCA, that Dr. Syzmaniak provided care and treatment to Mr. Gemma within the course and scope of her employment for VA during the time period that is the subject matter of the Complaint. Except as admitted herein, the allegations of Paragraph 34 are vague and ambiguous and unanswerable in their present form and are therefore denied.

35. The allegations contained in Paragraph 35 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied.

36. The United States denies the allegations contained in Paragraph 36.

37. The United States denies the allegations contained in Paragraph 37.

38. The United States denies the allegations contained in Paragraph 38.

The remainder of Count IV in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**<u>COUNT V</u>**
**(Informed Consent)**

39. The United States repeats and realleges its responses to Paragraphs 1 through 38 and hereby incorporates them by reference as if fully set forth herein.

40. The allegations contained in Paragraph 40 are conclusions of law to which no response is required. To the extent an answer is required, the allegations are denied.

41. The United States denies the allegations contained in Paragraph 41.

42. The United States denies the allegations contained in Paragraph 42.

43. The United States denies the allegations contained in Paragraph 43.

44. The United States denies the allegations contained in Paragraph 44.

The remainder of Count V in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**<u>COUNT VI</u>**
**(Negligence -Intuitive Surgical, Inc.)**

45. The United States repeats and realleges its responses to Paragraphs 1 through 44 and hereby incorporates them by reference as if fully set forth herein.

46. The allegations contained in Count VI, Paragraph 46, and all subparts, are not directed at the United States and no response is required. To the extent an answer is required, the allegations are denied.

47. The allegations contained in Count VI, Paragraph 47, and all subparts, are not directed at the United States and no response is required. To the extent an answer is required, the allegations are denied.

48. The allegations contained in Count VI, Paragraph 48, and all subparts, are not directed at the United States and no response is required. To the extent an answer is required, the allegations are denied.

49. The allegations contained in Count VI, Paragraph 49, and all subparts, are not directed at the United States and no response is required. To the extent an answer is required, the allegations are denied.

50. The United States denies the allegations contained in Paragraph 50.

51. The United States denies the allegations contained in Paragraph 51.

52. The United States denies the allegations contained in Paragraph 52.

The remainder of Count VI in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**COUNT VII**
**(Strict Liability -Intuitive Surgical, Inc.)**

53. The United States denies any negligence and repeats and realleges its responses to Paragraphs 1 through 52 and hereby incorporates them by reference as if fully set forth herein.

54. The allegations contained in Count VII, Paragraph 54, and all subparts, do not pertain to the United States and accordingly, no response is required. To the extent an answer is required, the allegations are denied.

55. The allegations contained in Count VII, Paragraph 55, and all subparts, are not directed at the United States and no response is required. To the extent an answer is required, the allegations are denied.

56. The United States denies the allegations contained in Count VII, Paragraph 56.

57. The United States denies the allegations contained in Count VII, Paragraph 57.

58. The United States denies the allegations contained in Count VII, Paragraph 58.

The remainder of Count VII in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**COUNT VIII**
**(Breach Of Warranty -Intuitive Surgical, Inc)**

59. The United States repeats and realleges its responses to Paragraphs 1 through 58 and hereby incorporates them by reference as if fully set forth herein.

60. The allegations contained in Count VIII, Paragraph 60, and all subparts, do not pertain to the United States and accordingly, no response is required. To the extent an answer is required, the allegations are denied.

61. The allegations contained in Count VIII, Paragraph 61, and all subparts, do not pertain to the United States and accordingly, no response is required. To the extent an answer is required, the allegations are denied.

62. The allegations contained in Count VIII, Paragraph 62, and all subparts, do not pertain to the United States and no response is required. To the extent an answer is required, the allegations are denied.

63. The allegations contained in Count VIII, Paragraph 63 do not pertain to the United States and no response is required. To the extent an answer is required, the allegations are denied.

64. The allegations contained in Count VIII, Paragraph 64 do not pertain to the United States and no response is required. To the extent an answer is required, the allegations are denied.

65. The United States denies the allegations contained in Count VIII, Paragraph 65.

66. The United States denies the allegations contained in Count VIII, Paragraph 66.

67. The United States denies the allegations contained in Count VIII, Paragraph 67.

The remainder of Count VIII in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**COUNT IX**
**(Loss of Consortium, Elisa Gemma)**

68. The United States repeats and realleges its responses to Paragraphs 1 through 67 and hereby incorporates them by reference as if fully set forth herein.

69. The United States denies the allegations contained in Count IX, Paragraph 69.

70. The United States denies the allegations contained in Count IX, Paragraph 70.

The remainder of Count IX in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**COUNT IX**
**(Loss of Consortium, Sherry Gemma McKenna)**

71. The United States repeats and realleges its responses to Paragraphs 1 through 70 and hereby incorporates them by reference as if fully set forth herein.

72. The United States denies the allegations contained in Count IX, Paragraph 72.

73. The United States denies the allegations contained in Count IX, Paragraph 73.

The remainder of Count X in the unnumbered paragraph beginning with WHEREFORE is a prayer for relief to which no response is required. The United States denies that Plaintiffs are entitled to judgment on any claim raised herein, any monetary damages or interest or costs of litigation, or any other relief. The United States denies all other allegations made in Plaintiffs' Complaint that are not specifically admitted herein.

**FIRST DEFENSE**

No acts or omissions by the United States, or any employee or agent of the United States, were the proximate cause of any injury to the Plaintiffs.

**SECOND DEFENSE**

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

**THIRD DEFENSE**

Any alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction with respect to any of Plaintiffs' claims, requests for relief, or other remedies to the extent that the government's sovereign immunity is not expressly waived by statute.

**FIFTH DEFENSE**

Plaintiffs have failed to state a cause of action to the extent that any allegations in the Complaint are outside the scope of their administrative claims.

**SIXTH DEFENSE**

Plaintiffs are limited to the damages recoverable under the Federal Tort Claims Act.

**SEVENTH DEFENSE**

Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming any amount against the United States in excess of the amount claimed in their administrative claims.

**EIGHTH DEFENSE**

Pursuant to 28 U.S.C. § 2674, Plaintiffs cannot recover prejudgment interest against the United States.

**NINTH DEFENSE**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorneys' fees from the United States.

**TENTH DEFENSE**

Pursuant to 28 U.S.C. § 2402, Plaintiffs are not entitled to a jury trial against the United States.

**ELEVENTH DEFENSE**

The United States asserts the defense of assumption of risk.

**TWELFTH DEFENSE**

Any allegedly negligent or wrongful acts and omissions were those of employees whose conduct was controlled by a third-party and not the United States.

**THIRTEENTH DEFENSE**

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiffs' alleged injury, cutting off the legal effect of the United States' negligence.

**FOURTEENTH DEFENSE**

The United States asserts the defense of contributory and/or comparative negligence.

**FIFTEENTH DEFENSE**

If the United States is found to be liable, which such liability is denied, it asserts that other actors are jointly and severally liable, and any damages recoverable against the United States must be reduced accordingly.

**SIXTEENTH DEFENSE**

Plaintiffs' Complaint fails to state a claim or any claim upon which relief can be granted.

**SEVENTEENTH DEFENSE**

Any allegedly negligent or wrongful acts and omissions were due to equipment that was designed by a third-party and not the United States.

The United States asserts that it has, or may have, additional affirmative defenses that are not known to it at this time, but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, having fully answered all counts of the Complaint, the United States prays that Plaintiffs take nothing by way of their complaint, that the same be dismissed, and that judgment be awarded in favor of the United States.

Respectfully submitted,

UNITED STATES OF AMERICA

By Its Attorneys,
TODD BLANCHE
*Attorney General*

CHARLES C. CALENDA
*First Assistant U.S. Attorney*

*/s/ Leslie J. Kane*
LESLIE J. KANE
Assistant U.S. Attorney
United States Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: leslie.kane@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2026, I electronically filed the within Answer with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically:

Mark H. Grimm, Esq.
MARASCO & NESSELBUSH, LLP
685 Westminster Street
Providence, Rhode Island 02903
617-720-4447
mgrimm@m-n-law.com
*Counsel for Plaintiffs*

*/s/ Leslie J. Kane*
LESLIE J. KANE
Assistant U.S. Attorney